AO 245D   (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 1

# UNITED STATES DISTRICT COURT

## MIDDLE District of ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v. | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release) |
| DEBRA LYNN NELSON | Case No.   1:10cr216-001-SRW |
| | USM No.   13766-002 |
| | <u>Matt David Schultz</u><br>Defendant's Attorney |

**THE DEFENDANT:**

X   admitted guilt to violation of condition(s) _____1 and 2_____ of the June 22, 2012, Petition

☐   was found in violation of condition(s) count(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Defendant failed to participate in and abide by the rules and regulations of a residential treatment center for six (6) months | 06/18/2012 |
| 2 | Defendant failed to pay to the United States District Court the special assessment fee | 06/18/2012 |

The defendant is sentenced as provided in pages 2 through _____5_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| Last Four Digits of Defendant's Soc. Sec. No.:   6713 | <u>July 2, 2012</u><br>Date of Imposition of Judgment |
| Defendant's Year of Birth:   1983 | |
| City and State of Defendant's Residence: | Signature of Judge |
| Black, Alabama | <u>Susan Russ Walker, Chief U S Magistrate Judge</u><br>Name and Title of Judge |
| | July 5, 2012<br>Date |

AO 245D    (Rev. 09/11) Judgment in a Criminal Case for Revocations
        Sheet 2 — Imprisonment

DEFENDANT:      DEBRA LYNN NELSON
CASE NUMBER:    1:10cr216-001-SRW

Judgment — Page   2   of   5  

# IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :
THREE MONTHS. The term of supervised release imposed on February 8, 2012, is hereby REVOKED.

☐  The court makes the following recommendations to the Bureau of Prisons:

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at   _____ ☐ a.m. ☐ p.m.   on   _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on   _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on   _____ to   _____

at   _____ with a certified copy of this judgment.

                                     _____

                                         UNITED STATES MARSHAL

                      By   _____

                                       DEPUTY UNITED STATES MARSHAL

AO 245D    (Rev. 09/11) Judgment in a Criminal Case for Revocations
       Sheet 3 — Supervised Release

Judgment—Page ___3___ of ___5___

DEFENDANT:     DEBRA LYNN NELSON
CASE NUMBER:   1:10cr216-001-SRW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
NINE MONTHS

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:10-cr-00216-SRW Document 57 Filed 07/05/12 Page 4 of 5

AO 245D     (Rev. 09/11) Judgment in a Criminal Case for Revocations
            Sheet 3C — Supervised Release

Judgment—Page    4    of    5

DEFENDANT:      DEBRA LYNN NELSON
CASE NUMBER:    1:10cr216-001-SRW

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in the residential drug treatment program at the Haven located in Dothan, Alabama, and shall abide by the rules and regulations of the facility. In addition, the defendant shall remain in the residential substance abuse treatment program for not less than 21 days.

2. The defendant shall reside in the Herring House of Dothan, 101 N. Herring Street, Dothan, Alabama, for up to six (6) months. The defendant's discharge date shall be decided by her treatment staff, the Court, and the probation officer. The defendant shall comply with all the policies and procedures of the facility. The defendant shall participate in substance abuse treatment while residing at the facility. The defendant shall begin this treatment at a time to be determined by the probation officer.

3. The defendant shall submit to a search of her person, residence, office or vehicle pursuant to the search policy of this Court.

4. The defendant shall participate in a program approved by the United States Probation Office for substance abuse, which may include testing to determine whether she has reverted to the use of drugs. She shall contribute to the cost of any treatment based on ability to pay and the availability of third-party payments.

AO 245D    (Rev. 09/11) Judgment in a Criminal Case for Revocations
           Sheet 5 — Criminal Monetary Penalties

Judgment — Page ___5___ of ___5___

DEFENDANT:        DEBRA LYNN NELSON
CASE NUMBER:      1:10cr216-001SRW

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $   0* | $ | $ |

**\*THE $50 SPECIAL ASSESSMENT FEE IMPOSED BY JUDGMENT DATED 9/28/11 IS HEREBY REMITTED.**

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $          0 | $          0 | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐   the interest requirement is waived for the    ☐ fine    ☐ restitution.

   ☐   the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.